# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

IN RE:  HOSPITALITY HOLDING OF MISSISSIPPI, LLC        CHAPTER 11
                                                                                                                                NO. 24-50387 KMS

HOSPITALITY HOLDING OF MISSISSIPPI, LLC                  PLAINTIFF

V.                                                            Adv. Number: _____

YIELDI, LLC; TERREBONNE PARISH SHERIFF'S OFFICE      DEFENDANTS
JOHN DOES 1-10

## COMPLAINT

**COMES NOW**, the Debtor, HOSPITALITY HOLDING OF MISSISSIPPI, LLC, (hereinafter "**Plaintiff** or **Debtor**"), by and through undersigned counsel, and files this Complaint against YIELDI, LLC ("**Yieldi**") and the TERREBONNE PARISH SHERIFF'S OFFICE for violations of the of the Automatic Stay provided by 11 U.S.C. § 362(a), seeking damages, punitive damages, attorneys' fees, and injunctive relief and respectfully showing unto the Court as follows:

## INTRODUCTORY STATEMENT

This adversary proceeding is filed in order to protect the interest of the Debtor and its employees and guests from unknown consequences of a Sheriff Sale of one of its hotel assets in Houma, Louisiana. The property was purportedly sold at a Sheriff's Sale by the Terrebonne Parish Sheriff's Office at approximately 10:00 A.M. on March 20, 2024, after the Debtor filed its Chapter 11 petition at 9:35 A.M. the same day. The suit seeks to set aside the sale, sanctions for violations of the automatic stay, and for an injunction enjoining the Sheriff's Sale purchaser from

interfering with operation of the property by the Debtor as debtor-in-possession pending a resolution by this Court.

## JURISDICTION, AND VENUE

1.  Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §1334 in that this proceeding arises in and is related to the above-captioned Chapter 11 case under Title 11 and concerns property of the debtor in that case.

2.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(2), and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of Mississippi on July 23, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  Pursuant to the Uniform Local Rules for the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi, Rule 7008-1, as amended December 1, 2016, the Plaintiffs consent to the entry of a final order by the Bankruptcy Court.

4.  Venue lies in this District pursuant to 28 U.S.C. §1391(b).

## PARTIES

5.  The Plaintiff is the Debtor in the bankruptcy proceeding in the above-styled and numbered Chapter 11 case.

6.  The Defendant, Yieldi, is a Georgia limited liability company and may be served with process by service upon its registered agent, Kevin Caiaccio, 5605 Glenridge Drive, Suite 1090, Atlanta, GA 30342, or any officer or general agent.

7. Terrebonne Parish Sheriff's Office is an agency of Terrebonne Parrish, Louisiana, and may be served with process by service upon the Sheriff of Terrebonne Parrish. Timothy Siognet, at 3441 West Park Avenue, Gray, LA 70359, or wherever he may be served.

8. John Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTS

9. On December 17, 2021, Bayou Mallick, LLC executed a promissory note (the "**Note**") in face principal amount $1,550,000.00, a Mortgage and Security Agreement (the "**Mortgage**") and other related documents evidencing and supporting a loan in said amount to Yieldi, LLC, secured by real property and improvements at 1381 West Tunnel Boulevard, Houma, Louisiana known as the Plantation Inn (the "**Plantation Inn Property**").  The Mortgage is recorded at Book 3314, Page 157 in the Terrebonne Parish, Louisiana records.

10. On September 9, 2022, the Mortgage was modified by instrument captioned *Modification of Loan Documents*.

11. Bayou Mallick, LLC became in arrears in the payments due under the Note and Mortgage and became in default; and the Plantation Property went to Sheriff's Sale in Terrebonne Parish. The Sheriff's Sale was scheduled for 10:00 A.M. on March 20, 2024, at the Terrebonne Parish Court House.

12. On March 18, 2024, Mallick, LLC executed a Special Warranty Deed transferring ownership of the Plantation Inn Property to the Debtor, Hospitality Holding of Mississippi, LLC.

13. On March 20, 2024, at 9:35 A.M. Hospitality Holding of Mississippi, LLC filed the instant Chapter 11 case, and immediately notified the Terrebonne Sheriff's Office of the filing. Notification consisted of a phone call to the Terrebonne Sheriff's Office, a call back from the Deputy Sheriff assigned to conduct the sheriff's sale, and a fax of the Petition and official bankruptcy case filing notice to the fax number provided by the Sheriff's Office.

14. Debtors counsel also spoke with counsel for Yieldi and provided him with copies of documents transferring the property to the Plaintiff dated March 18, 2024.

15. Notwithstanding receiving notice of the bankruptcy filing, the Terrebonne Parish Sheriff's Office, apparently after consulting with Yieldi's attorney, conducted the sheriff's sale and sold the Plantation Inn Property to Yieldi as the highest bidder for the sum of $866,666,67.

16. Plantation Inn is a fully functional and presently operating hotel in Houma, Louisiana. It has forty (40) employees whose livelihood depends on Plantation Inn.

17. This Court has adopted the majority view that after receiving notice of a bankruptcy, a creditor "has a duty under § 362 to re-establish the status quo as of the filing of the petition."[1]

## COUNT I

### Set Aside Sheriff's Sale

1. The Plaintiff asserts that it became the owner of the Plantation Inn Property upon

---

[1] Leverette v. Cmty. Bank (In re Leverette), Nos. 11-51548-KMS, 12-05005-KMS, 2013 Bankr. LEXIS 4052, at *25 (Bankr. S.D. Miss. Sep. 25, 2013). See also, *In re Belcher*, 189 B.R. 16, 18 (Bankr. S.D. Fla. 1995) *See also*, *Johns v. Nat'l Motor Credit,* Adv. No. 10-05026-KMS, slip opn. at *6 (Bankr. S.D. Miss. Jan. 7, 2013) (*citing Nissan Motor Acceptance Corp. v. Baker,* 239 B.R. 484, 488 (N.D. Tex. 1999)); *see Foust v. Seal (In re Foust),* No. 98-50774 SEG, 98-5032 SEG, M198-00185, 2000 WL 33769159, at *4-6 (July 18, 2000) (postpetition retention of estate property without court authority following prepetition seizure is in violation of stay.")

signing and delivering by authentic act (execution) of a deed to the property, that the Plantation Inn Property became property of the Debtor prior to the filing of the bankruptcy petition, and that upon filing of the bankruptcy petition the Plantation Inn Property became property of the bankruptcy estate, and subject to the automatic stay of Section 362(a) of the Bankruptcy Code.

Since the automatic stay was in effect at the time of the Sheriff's Sale, that sale is a nullity and should be declared void and set aside.

## COUNT II

### Violation of the Automatic Stay

2. The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

3. The foreclosure sale was an act to obtain possession or control of property of the Estate, violating 11 U.S.C. § 362(a)(3) and thereby was a violation of the automatic stay.

4. The Defendant was afforded notice of the filing of the Chapter 11 case prior to Going forward with the Sheriff's Sale.

5. The Plaintiff has been damaged by the violation of the automatic stay by the Expense of having to file this adversary proceeding and other damages to be proved at trial.

## COUNT III

### Recovery of Preferences

6. The allegations in the preceding paragraphs of this Complaint are realleged and incorporated herein by this reference.

7. In the event that the Court determines that the Plantation Inn Property was not property of the estate at the time of filing it is a preferential transfer under § 547(b) of the Bankruptcy Code.

8. The sale of the Plantation Inn Property at the Sheriff's Sale was a transfer:

- To the benefit of a creditor.
- On account of an antecedent debt.
- Made while the Debtor was insolvent.
- Made within 90 days before the filing of the petition.
- Enables the creditor to receive more than it would receive if the case were a case under Chapter 7 and the creditors received payment of the debt to the extent provided by this title;

Satisfying all of the elements of an avoidable preference under § 547(b).

9. The creditor (Yieldi) is not entitled to any of the defenses set out in § 547(c).

## COUNT IV

### Temporary Restraining Order/Preliminary Injunction

10. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

11. The Plaintiff is at risk of irreparable harm if the creditor Defendant were to attempt to take possession of the Plantation Inn Property.

12. An attempted takeover of the Plantation Inn Property and the operating hotel and restaurant would be disruptive to the employees and ongoing operations and cause the loss of valuable and necessary employees.

13. The Court should enter a temporary restraining order and/or a preliminary injunction allowing the Plaintiff to continue its operation of the hotel and restaurant at the Plantation Inn Property, preserving the status quo until resolution of the matter by the Court.

## REQUEST/PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter an Order granting the following relief:

A. Enter a Judgment setting aside and voiding the Sheriff's Sale conducted on March 20, 2024 of the Plantation Inn Property.

B. Enter a judgment against the Defendants for actual or compensatory damages for violation of the automatic stay 11 U.S.C. 362(a);

C. Enter a judgment against the Defendants for exemplary damages for willful violation of the automatic stay in an amount to be determined by this Court;

D. Enter a judgment against the Defendants for reasonable attorney's fees incurred in pursuing this action;

E. Grant a temporary restraining order or preliminary injunction prohibiting the creditor Defendant (Yieldi) from interfering in any way with the operation of the hotel and restaurant on the Plantation Inn Property, and preserving the *status quo*.

Respectfully submitted this 22nd day of March 2024.

**HOSPITALITY HOLDING OF MISSISSIPPI, LLC**

/s/ Patrick A. Sheehan
Patrick A. Sheehan, Attorney for Plaintiff
SHEEHAN & RAMSEY, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
MS Bar No. 6747
(228) 875-0572 Fax: (228) 875-0895
pat@sheehanramsey.com